**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOHN FRANCIS HARRINGTON,
*Defendant-Appellant.*

No. 03-30413

D.C. No.
CR-94-00455-JET

OPINION

Appeal from the United States District Court
for the Western District of Washington
Jack E. Tanner, Senior Judge, Presiding

Submitted January 12, 2005*
Seattle, Washington

Filed June 6, 2005

Before: Mary M. Schroeder, Chief Judge,
Alfred T. Goodwin, and Susan P. Graber, Circuit Judges.

Opinion by Chief Judge Schroeder

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## COUNSEL

John F. Harrington, pro se, Taft, California, defendant-appellant.

Ronald J. Friedman, Assistant United States Attorney, Seattle, Washington, for the plaintiff-appellee.

## OPINION

SCHROEDER, Chief Judge:

Federal prisoner John Francis Harrington filed a "Motion for New Trial Based on Newly Discovered Evidence" under Federal Rule of Criminal Procedure 33, after he had unsuccessfully pursued a direct appeal and a habeas corpus petition. Harrington had been convicted of three counts of distribution

of LSD and one count of possession of LSD with an intent to distribute. Harrington appeals pro se the district court's order denying his "Motion for Appointment of Counsel" in connection with that motion for a new trial. We hold that he was not entitled to appointed counsel because his motion was filed after his direct appeal, and thus was the equivalent of a collateral attack for which counsel is not appointed as of right. We also affirm, on the merits, the denial of Harrington's motion for a new trial.

As a preliminary matter, the government contends that we need not reach the merits of Harrington's motion for a new trial because the motion was untimely. Harrington's motion for a new trial was filed pro se after the three-year deadline imposed by Federal Rule of Criminal Procedure 33, as amended December 1, 1998. The amendment became effective the day before Harrington's jury verdict came down. Harrington's motion was filed within the two-year limit of the old version of Rule 33, which ran from the date the judgment became final. *See United States v. Cook*, 705 F.2d 350, 351 (9th Cir. 1983). The government did not challenge the timeliness of the motion in the district court. In ruling on the merits of the motion, the district court necessarily concluded that it was not "just and practicable," within the meaning of the Supreme Court's order adopting the amended rule, to apply the amended Rule 33 to Harrington. *See* Fed. R. Crim. P., Order Adopting and Amending Rules (Apr. 24, 1998). We hold that this conclusion was not an abuse of the district court's discretion. *See United States v. Ross*, 372 F.3d 1097, 1105 & n.6 (9th Cir. 2004).

**[1]** Harrington's threshold argument is that the district court was constitutionally required to grant his request for the appointment of counsel in connection with his Motion for New Trial. He relies on *Menefield v. Borg*, 881 F.2d 696 (9th Cir. 1989). In *Menefield*, we held that, under California law, a motion for a new trial that was filed in the trial court before any appeal had been pursued was a "critical stage" of the pro-

ceeding to which the right of counsel attached. *See id.* at 698-99. We stated that, "at least in the absence of extraordinary circumstances, an accused who requests an attorney at the time of a motion for a new trial is entitled to have one appointed, unless the government can show that the request is made for a bad faith purpose." *Id.* at 701. Therefore, we held that the defendant who had proceeded to trial pro se was entitled to appointed counsel in connection with his new trial motion. *Id.* at 698-99. In *United States v. Del Muro*, 87 F.3d 1078, 1080 (9th Cir. 1996) (per curiam), we applied the holding of *Menefield* to a federal new trial motion that was timely filed within seven days after the defendant's conviction, before any direct appeal. *See* Fed. R. Crim. P. 33(b)(2).

**[2]** The factual situations in *Menefield* and *Del Muro* are materially distinguishable from the one presently before us. In both of those cases, the defendant filed his new trial motion prior to filing a direct appeal. In this case, in contrast, Harrington filed his motion, denominated a Rule 33 Motion for New Trial, after the completion of his direct appeal and even after the denial of his first habeas corpus petition. Our decision in *Menefield* does not purport to apply to motions filed after the termination of the appellate process, even if they bear a similar label.

**[3]** Nor does any Supreme Court authority support the appointment of counsel here. In *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), the Supreme Court held that the right to counsel "extends to the first appeal of right, and no further." There is no right to counsel for a collateral attack on a conviction. *Id.* Harrington's Motion for New Trial is in essence a collateral attack, because it was filed after his direct appeal was concluded. We hold that after the completion of the direct appeal of a federal conviction, appointment of counsel for a motion for a new trial is not constitutionally guaranteed. The decision whether to appoint counsel instead rests with the discretion of the district court.

**[4]** This holding is consistent with the holdings of other circuits that have decided the same issue. *See United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004) (per curiam); *Trenkler v. United States*, 268 F.3d 16, 20-21 (1st Cir. 2001); *United States v. Lee*, 513 F.2d 423, 424 (D.C. Cir. 1975) (per curiam); *United States v. Birrell*, 482 F.2d 890, 892 (2d Cir. 1973) (per curiam). *See generally* Jonathan G. Neal, *Note: "Critical Stage": Extending the Right to Counsel to the Motion for New Trial Phase*, 45 Wm. & Mary L. Rev. 783, 789-800 (2003) (compiling and discussing Rule 33 cases).

We therefore turn to the merits of Harrington's pro se Rule 33 motion. Harrington asserts that he has newly discovered evidence consisting of photographs of the crime scene, a street map, and transcripts of prior proceedings that show that police officers offered perjured testimony at his trial. Harrington argues that this evidence shows that, contrary to the police officers' trial testimony, the police officers were not successful in surveilling one of the sales of LSD by Harrington to the government informant. Harrington raised a similar argument, based on the same evidence, in his earlier habeas petition.

**[5]** To prevail on a Rule 33 motion for a new trial based on newly discovered evidence, a defendant must satisfy a five-part test: "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991).

Any failure to discover the evidence regarding the crime scene and surrounding streets reflects a lack of due diligence on Harrington's part. The photographs and street map could have been obtained at any time. The evidence of the officers' testimony at the preliminary hearing is not newly discovered,

because Harrington was present at the preliminary hearing and his counsel obtained a cassette tape of that testimony during trial. It is unclear from the record whether the evidence of the officers' testimony before the grand jury was newly discovered. Nevertheless, any inconsistencies between the officers' testimony before the grand jury and their testimony at trial relate only to how the officers carried out surveillance during one of Harrington's sales of LSD. The inconsistencies impeach a portion of the officers' testimony regarding one instance of surveillance, but do not render their testimony wholly incredible. *See United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992), because the inconsistencies do not undermine the evidence that sales were made. The inconsistencies therefore are not material to the issues at trial. *See id.*

[6] Even if the new evidence could be considered marginally material, Harrington cannot show that a new trial would probably result in acquittal. *See Kulczyk*, 931 F.2d at 548-49; *United States v. Kenny*, 645 F.2d 1323, 1344 (9th Cir. 1981). There is significant evidence in the record implicating Harrington in LSD sales, including a recorded conversation in which Harrington was heard selling drugs to the government informant, the actual LSD sold by Harrington to the government informant, and the large quantities of LSD seized during a police search of Harrington's home. Accordingly, a new trial in this case, even with the evidence now proffered, probably would result in Harrington's conviction.

[7] The district court therefore did not abuse its discretion in denying Harrington's motion for a new trial. Nor did the district court abuse its discretion by declining to grant an evidentiary hearing. *See United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188-89 (9th Cir. 1992).

**AFFIRMED.**