**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ashley Lynn GRAY, Defendant—
Appellant.**

**No. 07–30095.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2008.

Filed July 23, 2008.

---

Joseph E. Thaggard, USHE—Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Allen Beck, William F. Hooks, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Ashley Lynn Gray appeals the district court's denial of her motion for a new trial, after her conviction for manslaughter and use of a firearm in a violent crime. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

█ The district court correctly held that Gray failed to satisfy the five-part test necessary to prevail on a Rule 33 motion based on newly discovered evidence. *See* Fed.R.Crim.P. 33; *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir.2005) (describing five-part test). Gray failed to introduce any evidence supporting her assertion that she exercised due diligence in attempting to retain a forensic psychologist prior to trial. *See Harrington*, 410 F.3d at 601. Moreover, the psychologist's report does not "indicate that a new trial would probably result in an acquittal." *Id.* at 601. Gray testified at trial that she could not remember most of the events surrounding the shooting. An expert's report describing the reasons for her post-shooting amnesia has no bearing on her ultimate guilt or innocence. Accordingly, the district court did not abuse its discretion by denying Gray's motion for a new trial.

█ Nor did the district court abuse its discretion by failing to order a competency hearing. The district court correctly concluded that Ashley's inability to remember the events of the shooting did not, alone, create a bona fide doubt about her competence. *See United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir.2004) (noting that a trial court must order a competency hearing "if a reasonable judge would have ... a bona fide doubt [about the defendant's] competence" (internal quotations omitted)).

**AFFIRMED.**

█

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.