UNITED STATES of America, Plaintiff—Appellee,

v.

BARTON ALBERT BUHTZ, Defendant—Appellant.

No. 08–30066.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2009.

Filed May 18, 2009.

William E. Fitzgerald, Assistant U.S., U.S. Attorney's Office, Eugene, OR, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Lynn K. Shepard, Shepard Law Offices. P.C., Eugene, OR, for Defendant–Appellant.

744

Before: W. FLETCHER, BEA and IKUTA, Circuit Judges.

## MEMORANDUM *

Barton Buhtz appeals his conviction by jury on one count of conspiring to pass fictitious financial instruments in violation of 18 U.S.C. §§ 371 and 514(a)(2) and five counts of aiding and abetting the passing of fictitious financial instruments in violation of 18 U.S.C. §§ 2 and 514(a)(2). He contends that substantial evidence does not support his convictions on the aiding and abetting charges, which were Counts 9, 10, 11, 12, and 13 of the indictment; that the district court erred in denying his motion for a new trial; and that the district court erred in imposing without notice a sentence that was nine months greater than the top of the sentencing guidelines range.

"[V]iewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact" who heard the testimony of Buhtz and witnesses Nelda Bischoff Handke, Steve Kelton, and Douglas Grabinsky, and who saw Government Exhibits 5, 8, 13, and 15, could have found "beyond a reasonable doubt" that Buhtz aided and abetted in the passing of the fictitious financial instruments identified in Counts 9, 10, 12, and 13. *United States v. Salman,* 531 F.3d 1007, 1010 (9th Cir.2008) (internal quotation marks omitted). We hold that substantial evidence supports Buhtz's convictions on those four Counts.

■ Count 11 charged Buhtz with aiding and abetting Marsha Gail Rasmussen in passing a fictitious financial instrument for $75,000 to the Two Lees Company. Rasmussen was not asked about, nor did she discuss, Buhtz while testifying about

that particular instrument. Rasmussen did testify that she received assistance from Buhtz in preparing an instrument for $623,000 to be used to purchase property from Robert and Susan Lutz. However, Count 11 was based entirely on the instrument for the Two Lees Company and did not mention the instrument given to the Lutzes. Because nothing in the record shows that Buhtz aided or abetted Rasmussen to give an instrument to the Two Lees Company, we hold that substantial evidence does not support his conviction on Count 11.

■ Buhtz moved for a new trial on the ground that Rebecca Schollenburg, in withdrawing her guilty plea, revealed new evidence about her mental state at trial that undermined the government's case against him. To prevail on this motion, Buhtz had to show, *inter alia,* that the new evidence "indicate[s] that a new trial would probably result in acquittal." *United States v. Harrington,* 410 F.3d 598, 601 (9th Cir.2005) (internal quotation marks omitted). Schollenburg testified only with respect to Count 1. The testimony of Richard Aquila and Toni Crippen substantially corroborated Schollenburg's testimony, and a jury that heard only their testimony likely would have found Buhtz guilty on Count 1. We therefore hold that the district court did not abuse its discretion in denying Buhtz's motion for a new trial.

■ Finally, Buhtz argues that the district court erred by imposing without notice a sentence of 36 months, which was nine months greater than the top of the sentencing guidelines range. Under *Irizarry v. United States,* —— U.S. ——, 128 S.Ct. 2198, 171 L.Ed.2d 28 (2008), and *United States v. Evans–Martinez,* 530

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

F.3d 1164 (9th Cir.2008), increasing a sentence beyond the guidelines range pursuant to 18 U.S.C. § 3553(a) constitutes a "variance" that does not require notice. The district court specifically evaluated the § 3553(a) factors during sentencing. In explaining the sentence enhancement, the district court stated that there "is a need to let the public know that offenses like this cannot be continued." This statement is consistent with an enhancement under § 3553(a)(2), which addresses "respect for the law" and "adequate deterrence." Buhtz's sentence enhancement was a variance under § 3553(a), and we therefore hold that the district court did not err in failing to provide notice.

We AFFIRM in part and REVERSE in part. Because we reverse the conviction on Count 11, we VACATE the sentence and REMAND for resentencing.