**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30358 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00052-JCC-2 |
| v. | |
| GURMIT SINGH JASSAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted July 14, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, Senior District
Judge.[**]

Gurmit Singh Jassal was convicted of multiple drug crimes under 21 U.S.C.

§ 841. Jassal appeals (1) the district court's denial of his Motion for a New Trial,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William T. Hart, Senior United States District Judge
for the Northern District of Illinois, sitting by designation

submitted pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"), and (2) the sufficiency of the district court's findings at his sentencing. We affirm.

1a. The district court did not abuse its discretion in denying Jassal's Rule 33 motion (based upon Dr. Muscatel's psychological report), because Jassal cannot show (1) that the failure to discover the evidence sooner was not the result of a lack of diligence on his part; and (2) that a new trial would result in an acquittal. *See United States v. Hinkson*, 585 F.3d 1247, 1257 (9th Cir. 2009) (quoting *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005)). First, the record evidences that an exercise of due diligence—either at trial or between trial and sentencing—would have revealed the existence of the very same evidence Jassal now uses to request a new trial. Second, the record does not show that a new trial would result in an acquittal. Jassal does not contest that he committed the elements of the crime, nor does he raise a mental health defense. The jury rejected Jassal's story and the "facts" upon which it was based. Jassal has not demonstrated how improved comprehensibility and credibility (or an explanation to the jury that his demeanor was the result of mental illness) would change the jury's view as to the plausibility of his duress explanation.

**1b.** The district court did not err in finding that Jassal's Rule 33 motion based upon ineffective assistance of counsel was time-barred. Jassal filed this motion over seven months after the verdict. Therefore, Jassal must demonstrate either (1) his claim is based upon newly discovered evidence (entitling him to three years after the verdict to file the motion), or (2) his failure to file the motion within the 14 day limit was the result of excusable neglect. Fed. R. Crim. P. 33(b)(1) & 45(b)(1)(B). First, evidence of the ineffective assistance of counsel does not fit within Rule 33's exception for newly discovered evidence. *United States v. Hanoum*, 33 F.3d 1128, 1130–31 (9th Cir. 1994). Second, the court properly applied the factors found in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 400 (1993), in determining that Jassal's failure to timely file was not the result of excusable neglect. Jassal's argument on appeal amounts to a disagreement with the court's judgment, not a showing that its judgment was an abuse of discretion.

**2.** Because (a) the district court based its decision upon those facts presented in the Presentence Report, and (b) Jassal does not challenge those facts, the court was not required to make further findings of fact. Fed. R. Crim. P. 32(i)(3).

**AFFIRMED.**

3