**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 07-50482 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:05-CR-00668-MMM-24 |
| | ) | |
| v. | ) | **MEMORANDUM** * |
| | ) | |
| EDWARD MUNOZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | No. 09-50431 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:05-CR-00668-MMM-24 |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD MUNOZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued June 2, 2009

_____

* This disposition is not appropriate for publication and may not be cited to or
by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Submission vacated June 15, 2009
Submitted November __, 2010
Pasadena, California

Before:      RYMER, GRABER, and BEA, Circuit Judges.


Edward Munoz appealed his conviction following a jury trial for conspiring to structure financial transactions in violation of 18 U.S.C. § 371 and 31 U.S.C. § 5324. After hearing argument, we granted a limited remand for the district court to consider Munoz's Federal Rule of Criminal Procedure 33 motion. The district court denied that motion, from which Munoz has also appealed. We treat both appeals together,[1] and affirm in each.


I

A

Taking the appeal from conviction first, Munoz argues that the government's disclosure of information obtained during the post-trial safety-valve sessions with Loya, which would have impeached Woodland, offended *Brady v. Maryland*, 373 U.S. 83 (1963). This information was communicated before sentencing, and was used by Munoz to challenge factual findings in the PSR.

---

[1] The appeals were ordered consolidated on September 29, 2009.

Information from subsequent sessions was also disclosed to Munoz within the time to file a motion for new trial. Therefore, it was still of "substantial value" and not a *Brady* violation. *United States v. Woodley*, 9 F.3d 774, 777 (9th Cir. 1993).

B

Munoz contends that the government engaged in a pattern of misconduct that included failing to disclose statements from Woodland's third proffer session, not investigating Woodland's veracity, allowing him to commit perjury, vouching during closing argument, and willfully suppressing *Brady* material. None of these issues was raised at trial, so our review is for plain error. *See, e.g., United States v. Alli*, 344 F.3d 1002, 1007 (9th Cir. 2003) (failure to correct false testimony); *United States v. Amlani*, 111 F.3d 705, 714 (9th Cir. 1997) (prosecutorial misconduct); *United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003) (improper statements in closing). We see none in any respect.

The government reported by telephone to Munoz's counsel the substance of Woodland's statements at the January 2007 proffer session. Those statements were inculpatory, so do not implicate *Brady*. In any event, Munoz knew about the statements Woodland made at the second and third sessions; the relevant evidence

3

was all admitted at trial, and Munoz was able effectively to demonstrate that Woodland said different things at different times. He points to no authority that the government was obliged to do more.

While the government should have corrected Woodland's testimony, there is no reasonable probability the verdict would have been different. There was ample evidence of Munoz's participation in a conspiracy to structure transactions apart from Woodland's testimony: Munoz discussed structured deposits in recorded conversations, his own testimony was impeached, and a co-worker's testimony showed Munoz's consciousness of guilt. In the face of this evidence, disbelieving Woodland's testimony that Loya gave Munoz cocaine – which goes to motive, not to an element of the structuring crime – would not likely have led the jury to believe that Munoz did not tell Loya how to structure deposits. Accordingly, our confidence in the outcome is not undermined. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

C

Munoz further faults the AUSA for having stated of Woodland,

> if he was such a good liar, why didn't he just say, hey, I spoke with [Munoz]. I – he told me how to make the deposits. He told me how to structure. He told me how to money launder. He didn't say that

4

because it didn't happen, ladies and gentlemen. Mr. Woodland could have come up with all sorts of stories that would have made our job a lot easier, but he didn't because he's telling the truth.

We cannot say that this statement is so plainly prejudicial as to require reversal. *See, e.g.*, *United States v. Necoechea*, 986 F.2d 1273, 1279 (9th Cir. 1993) (holding it was not vouching to argue, in effect, "the witness is telling the truth because if she were lying, she would have done a better job of it"). It does not connote extra-court information or insight into Woodland's credibility, nor does it imply independent verification of Woodland's testimony. *Cf. United States v. Rudberg*, 122 F.3d 1199, 1205-06 (9th Cir. 1997) (eliciting testimony that witnesses' veracity had been verified through the FBI's investigation). Given the strong evidence against Munoz apart from Woodland's testimony, the statement, even if it did constitute vouching, would not warrant relief on plain error review.


D

Munoz maintains that the district court should have granted his Rule 29 motion with respect to the charge of conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956 and 1957, because the evidence was insufficient to show that he knew the money being deposited by Woodland and Loya was the proceeds of criminal activity. The count was dismissed without prejudice when

5

the jury deadlocked. Although the government submits that the issue is moot, we disagree because the grant of a Rule 29 motion would preclude retrying Munoz on this charge. *See United States v. Bishop*, 959 F.2d 820, 828 (9th Cir. 1992). Nevertheless, the evidence was sufficient: a rational juror could find beyond a reasonable doubt from the recorded phone calls about structuring, and the deposit records, as well as receipt of cocaine, that Munoz knew the deposits were derived from criminal activity. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Munoz's reliance on *United States v. Cuevas*, 847 F.2d 1417 (9th Cir. 1988), is misplaced as it involved sufficiency of the evidence to convict a banker of being part of the drug conspiracy itself. *Id.* at 1420-21.

E

Finally, Munoz raises an ineffective assistance of counsel claim, which we decline to consider on direct appeal. *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir. 1992).

II

Munoz's motion for new trial, which the district court denied, focused on the government's *Brady* obligations and misconduct related to statements by

6

Woodland (which occurred before or at trial) and Loya (which occurred after trial). We review denial of a motion for new trial for abuse of discretion under the standard articulated in *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc). Thus, we first consider whether the district court identified the correct legal standard, and then whether its findings of fact, and application of those findings to the correct legal standard, were "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *Id.* Under the first part of this test, the correct legal rule for analyzing a motion for new trial based on newly discovered evidence is found in *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (noting that the evidence must be newly discovered; the failure to discover it earlier must not be the result of the defendant's lack of diligence; the evidence must be material to issues at trial; the evidence may not be cumulative or merely impeaching; and the evidence must indicate that a new trial would probably result in acquittal). The district court adopted and applied the correct legal rules.

A

Although Munoz rests his *Brady* argument primarily on arguments made on appeal from conviction, he faults the district court for having determined that Loya

7

was not credible. The court, having sat through these and related proceedings, was well situated to assess who was telling a plausible story and who wasn't. Discrediting Loya's declaration was well within its discretion and does not lack support in the record.

B

Munoz's core contentions of willful misconduct fail for reasons explained in detail by the district court. We disagree that the court erred under *Brown v. Borg*, 951 F.2d 1011 (9th Cir. 1991), by observing that evidence Loya gave Munoz cocaine was not an element of the government's case. It wasn't, and the government was not required to prove motive to establish Munoz's guilt. In any event, the observation was made while discussing the general proposition that newly discovered impeachment evidence is not material under Rule 33 unless it, among other things, provided the only evidence of an essential element of the government's case. *See United States v. Holmes*, 229 F.3d 782, 789 (9th Cir. 2000); *United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992). The point was not dispositive. Nor do we believe it matters whether the district court considered the impact of vouching, for as we have concluded, it wasn't plainly erroneous regardless.

## C

Munoz also contends that the district court erred by analyzing *Brady* claims under the *Harrington* test, but this presumes – as Munoz has done all along – that the Loya evidence existed before trial, which it did not.  Further, as the district court explained, Munoz's new trial motion fails because it cannot be premised on post-conviction testimony of a co-defendant who could have testified at trial, but did not.  *See United States v. Diggs*, 649 F.2d 731, 740 (9th Cir. 1981).

AFFIRMED.