NOT FOR PUBLICATION

FILED

DEC 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50462 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02920-WQH-1 |
| v. | |
| JUAN CARLOS FLORES-ACUNA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted December 3, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Juan Carlos Flores-Acuna was arrested at the Otay Mesa Port of Entry while

attempting to enter the United States from Mexico in a 2005 Chevrolet Silverado

truck, in which border patrol agents found approximately 3.56 kilograms of

methamphetamine. Flores-Acuna was convicted and sentenced under 21 U.S.C. §§

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

841(a)(1), 952 and 960, and appeals the district court's denial of his motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores-Acuna filed a motion for a new trial based on alleged newly-discovered evidence in the form of a post-trial psychological evaluation. "We review a district court's order denying a motion for a new trial made on the ground of newly discovered evidence for abuse of discretion." *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). The district court correctly identified the standard for evaluating a motion for a new trial based on newly discovered evidence. *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005). After reviewing the record as a whole, we conclude that the district court did not abuse its discretion in denying Flores-Acuna's motion because nothing prevented defense counsel from requesting such an evaluation before trial, and the psychiatric evaluation was not evidence which would show that a new trial would probably result in acquittal.

We do not address Flores-Acuna's appeal of his sentence, because, although he raised the issue in his opening brief, he did not offer any argument with respect to it. *See United States v. Alonso*, 48 F.3d 1536, 1544-45 (9th Cir. 1995).

**AFFIRMED.**