**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10183 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00464-KHV |
| v. | |
| GINO CARLUCCI, a.k.a. Gene David Odice, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Kathryn H. Vratil, District Judge, Presiding[**]

Submitted March 13, 2018[***]

Before:      LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Gino Carlucci appeals pro se from the district court's order denying his

motion for a new trial under Federal Rule of Criminal Procedure 33.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Kathryn H. Vratil, Senior United States District Judge for the District of Kansas, sitting by designation.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Carlucci's Rule 33 motion. *See United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc) (stating standard of review). First, Carlucci's evidence concerning how Robert Garback came into possession of the two watches might be admissible to impeach Garback, but does not undermine the evidence that Carlucci obtained the watches from Garback under false pretenses. *See id.* at 1257 (newly discovered evidence does not support a new trial if it is "merely impeaching"). Second, the record does not show that a new trial would probably result in an acquittal. *See id.* There is significant evidence in the record implicating Carlucci in the conspiracy to commit money laundering, conspiracy to defraud the United States, and willful filing of a false tax return. *See United States v. Jackson*, 209 F.3d 1103, 1106-07 (9th Cir. 2000) (affirming denial of motion for new trial where new evidence would not have created a reasonable doubt). On this record, Carlucci also cannot show that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959).

Finally, insofar as Carlucci is challenging the denial of his motion for appointment of counsel, he has not shown that the district court abused its discretion. *See United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005).

**AFFIRMED.**

17-10183