**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> RAFAEL BEIER, AKA Rafael L. Beier, AKA Rafael Leonhard Wolfgang Beier, <br><br> Defendant-Appellant. | No.   17-30247 <br><br> D.C. No. 2:14-cr-00117-EJL-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted May 14, 2019
Seattle, Washington

Before:  O'SCANNLAIN and FRIEDLAND, Circuit Judges, and EZRA,** District Judge.

Appellant, a Doctor of Osteopathic Medicine ("D.O.") was convicted after a jury trial of distributing oxycodone, Adderall, and hydrocodone outside the usual course of his professional medical practice and without a legitimate medical

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

purpose in violation of 21 U.S.C. §§ 841(a), 846, and 859. The remaining facts of the case are known by the parties and it is unnecessary to recite them here.

Appellant appeals his conviction, arguing: (1) the district court clearly erred when it found Appellant competent; (2) the district court abused its discretion when it denied Appellant's request for a new trial; (3) the district court abused its discretion when it refused to admit a specific defense expert's report; (4) Wharton's Rule applies, and Appellant's conspiracy conviction should be vacated; (5) the district court plainly erred in failing to give an adequate specific unanimity instruction; (6) the substantive counts of Appellant's conviction should be vacated along with his conspiracy conviction; (7) the district court abused its discretion in calculating the appropriate drug quantities at sentencing; and (8) Appellant's case should be remanded and sent to a new district judge. For the reasons that follow, we **AFFIRM** Appellant's conviction and sentence.

**Competency**. The district court's competency determination is a factual finding that must be affirmed unless clearly erroneous. *See* Fed. R. Civ. P. 52(a); *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002). In making such a determination, the district court may consider the defendant's irrational behavior, medical evaluations, and the court's own interaction with the defendant. *Davis v. Woodford*, 384 F.3d 628, 644–45 (9th Cir. 2004); *Williams v. Woodford*, 384 F.3d 567, 604 (9th Cir. 2004). Although defense counsel's

17-30247

representations are "a factor which should be considered," courts need not "accept without question" those representations. *Drope v. Missouri*, 420 U.S. 162, 177 n.13 (1975). The district court made its competency determination after a two-day hearing which included expert testimony from both sides and one neutral, court-appointed expert and fact witnesses from both sides. The district court made credibility findings as to all the witnesses and credited the neutral, court-appointed expert's testimony over that of the defense experts. There is no basis in the record for a finding that any of those credibility determinations or the ultimate competency determination was clearly erroneous.

**Motion for New Trial**. Appellant moved for a new trial based on the evidence presented at the competency hearing under Federal Rule of Criminal Procedure 33. A district court's denial of a motion for new trial based on an allegation of newly discovered evidence is reviewed for abuse of discretion, *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc), and the court considers the *Harrington* factors in arriving at its conclusion. *United States v. Harrington*, 410 F.3d 598 (9th Cir. 2005).[1] The evidence as to competency stems from a Traumatic Brain Injury in 1996 and is thus not newly discovered. Beier

---

[1] The *Harrington* factors are: (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material; (4) the evidence is not (a) cumulative or (b) impeaching; and (5) the defendant would probably be acquitted in a new trial based on the evidence. 410 F.3d at 601.

could have discovered it prior to sentencing by exercising reasonable diligence, and his initial counsel's failure to order a competency evaluation is not properly challenged in a motion for a new trial. Further, because the district court found Appellant competent and rejected his insanity and diminished capacity arguments, the evidence, even if new, did not indicate that Appellant would probably be acquitted in a new trial. Accordingly, the evidence fails the second and fifth *Harrington* factors, and the district court did not abuse its discretion.

**Defense Expert's Report**. The district court's refusal to admit an expert's report from an unrelated case concerning a different defendant was not an abuse of discretion. *See* Fed R. Evid. 401, 403, 703. It was not "manifestly erroneous," and even if it had been in error, the error was not prejudicial, and the verdict was not affected by the result. *Boyd v. City and County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009).

**Wharton's Rule**. Whether a defendant may be convicted of both conspiracy and the underlying substantive offense is a question of law, which is reviewed de novo. *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989). Wharton's Rule states that "an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." 1 R. Anderson, Wharton's Criminal Law & Procedure 191 (1957); *Castro*, 887

4

F.2d at 996. However, where, as here, a conspiracy count "charges the existence of an agreement . . . to possess and distribute" and the substantive counts "charge actual . . . possession[] and distribution" the substantive counts can be committed by an individual, and therefore "the Rule has no bearing." *United States v. Kearney*, 560 F.2d 1358, 1367 (9th Cir. 1977). Accordingly, Wharton's Rule does not apply to Appellant's convictions for conspiracy and the substantive counts of possession and distribution. Further, as the conspiracy count stands, we need not consider Appellant's argument regarding the vacation of the substantive counts.

**Specific Unanimity Instruction**. Because Appellant did not object to the district court's jury instructions at trial, any alleged error in jury instructions is reviewed for plain error. *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015). The plain error standard requires that Appellant show: (1) error; (2) that is clear or obvious, rather than subject to reasonable dispute; (3) that affected appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) that affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* The district court *sua sponte* gave a specific unanimity instruction in this case, which followed the 9th Circuit Model Criminal Jury Instruction 7.9. Because that instruction required the jury to reach its verdict on the conspiracy charge "with all of you agreeing as to the particular crime which the conspirators agreed to commit," there was not clearly a

"genuine possibility of jury confusion," *Lapier*, 796 F.3d at 1096, and any error here was not plain.

**Drug Quantities at Sentencing**. A district court's evaluation of the reliability of the evidence at sentencing is reviewed for abuse of discretion. *United States v. Vera*, 893 F.3d 689, 692 (9th Cir. 2018).

The district court relied on both Board of Pharmacy records and witness estimates to establish drug quantities for sentencing. The witnesses here testified in court and aspects of their testimony were corroborated by other witnesses and evidence. The district court therefore acted within its discretion in determining that their statements "possess[ed] sufficient indicia of reliability to support [their] probable accuracy." *United States v. Forrester*, 616 F.3d 929, 949 (9th Cir. 2010) (quoting *United States v. Kilby*, 443 F.3d 1135, 1141 (9th Cir. 2006)). Further, the district court relied on the most conservative estimates of drug quantities derived from those witnesses' statements, appropriately "'err[ing] on the side of caution' in approximating the drug quantity." *Kilby*, 443 F.3d at 1141 (quoting *United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002)). Accordingly, the district court did not abuse its discretion in calculating drug quantity for sentencing.

**New District Judge on Remand**. As Appellant's conviction is affirmed on all bases, no remand is necessary. Therefore, the Court need not consider

6

Appellant's argument that remand to a different district judge would be appropriate.

**AFFIRMED**.

17-30247