**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50441 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-02863-W-2 |
| v. | |
| JOHN PATRICK VESCUSO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted April 10, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,[**] District
Judge.

John Vescuso appeals his conviction and sentence for conspiracy to commit

theft of government property for his role in a conspiracy to remove and sell scrap

metal from Camp Pendleton Marine Corps Base. After a jury trial, Vescuso was

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

convicted of a single count of conspiracy under 18 U.S.C. § 371 and sentenced to 33 months in prison, restitution of $555,640, and forfeiture of $555,640.

1.   Vescuso raises a series of challenges to limitations the district court placed on his ability to impeach witnesses and introduce specific testimony at trial.

First, Vescuso challenges restrictions the district court placed on his ability to impeach Cecil Garr, a co-defendant and cooperating witness, about a prior felony conviction. The conviction was more than 15 years-old and did not involve a crime of dishonesty. The district court did not abuse its discretion in limiting Vescuso's ability to impeach Garr, either directly or indirectly, based on this conviction. *See United States v. Bensimon*, 172 F.3d 1121, 1125 (9th Cir. 1999).

Second, Vescuso challenges limitations on his ability to cross-examine Garr based on Garr's plea negotiations, which we review for abuse of discretion. *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007). As a whole, Vescuso was able to put before the jury that Garr had pled guilty and agreed to cooperate; and, in exchange for that guilty plea, Garr had received benefits—a lower loss amount, a lower amount of restitution, dismissal of one criminal count, and the hope of a favorable sentencing outcome in exchange for his testimony. Because Vescuso was able to impeach Garr with the general contours of the benefits conferred through his plea agreement, we cannot say the district court abused its discretion in limiting impeachment based on specific details of those benefits. *Larson*, 495 F.3d at 1101.

2

Third, Vescuso challenges the district court's decision to exclude Vescuso's proposed sentencing expert, which we review for abuse of discretion. *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir. 2000). Because Vescuso was able to introduce the general contours of Garr's cooperation agreement, the district court did not abuse its discretion in excluding the expert's testimony, which the court determined would waste time and would be cumulative. *See United States v. Johnson*, 297 F.3d 845, 862 (9th Cir. 2002).

Fourth, Vescuso challenges limitations the district court placed on his use of a videotaped interrogation of Garr by federal investigators. Specifically, Vescuso sought to introduce videotaped statements by the investigators that a reasonable jury could have interpreted as the agents strongly pressuring Garr to implicate Vescuso. Although the district court clearly erred in excluding those statements on hearsay grounds (since they were not being offered for their truth), Vescuso could have conveyed their import by more pointed cross-examination of Garr and by playing for the jury Garr's videotaped responses to the agents' questioning. Although Vescuso's counsel may have misunderstood the scope of the district court's ruling, the district court only excluded the agents' statements, and Vescuso was not prevented from using the video to confront Garr with Garr's own videotaped statements. Thus, even though the district court's exclusion of the agents' statements was error, the error was harmless. *United States v. Torres*, 794

F.3d 1053, 1063 (9th Cir. 2015).

Fifth, Vescuso challenges the district court's limitation on Vescuso's impeachment of Sylvia O'Brien. Vescuso sought to impeach O'Brien by playing a recorded telephone conversation she had with Garr. Vescuso sought to introduce the audio of O'Brien's call with Garr, during *O'Brien's testimony*, because Garr's statements, according to Vescuso, were lies. The district court suggested counsel could ask O'Brien about Garr's answers, but *Garr's* statements could not be played to impeach *O'Brien*. The district court did not abuse its discretion in limiting impeachment in this way. *Larson*, 495 F.3d at 1101.

2.      Vescuso next challenges the district court's decision, over Vescuso's objection, to give an "other acts" limiting instruction to the jury. We review the district court's formulation of jury instructions for abuse of discretion. *United States v. Lloyd*, 807 F.3d 1128, 1165 (9th Cir. 2015). Given that evidence of Vescuso's dealings with Garr prior to April 2010—conduct that was allegedly illegal but uncharged—was introduced at trial, the district court did not abuse its discretion in giving the "other acts" instruction. *See Lloyd*, 807 F.3d at 1167; *Comment*, Ninth Circuit Model Jury Instruction 2.11 (noting giving instruction, similar to Model Instruction 4.3, may be appropriate *sua sponte*).

3.      Vescuso next challenges the district court's denial of his motion for a new trial based on newly discovered evidence—evidence suggesting that Garr

4

received a bribe from one of his superiors at the base. We review that denial for an abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009). The new evidence here would not likely have resulted in an acquittal. *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005). The district court did not err in denying the motion or counsel's request for additional CJA funds.

4.      Finally, Vescuso raises a series of challenges to his sentence, the restitution imposed, and the forfeiture judgment entered against him.

First, we conclude that any *Apprendi* error that occurred was harmless. *See United States v. Hunt*, 656 F.3d 906, 913 (9th Cir. 2011). Second, 18 U.S.C. § 3663A imposes a mandatory restitution amount equal to the loss suffered by the government. This provision controls the amount of restitution imposed on Vescuso, regardless of the restitution imposed on Garr.

However, we agree with Vescuso that, based on the record before the district court, the imposition of a forfeiture judgment for the entirety of the loss suffered by the government, absent a showing that Vescuso actually acquired the entirety of that amount, was likely incorrect in light of *Honeycutt v. United States*, 137 S. Ct. 1626, 1632 (2017). We therefore remand to the district court to determine the amount of money Vescuso "himself actually acquired as the result of the crime," *id*. at 1635, and to amend the forfeiture judgment, if necessary.

**AFFIRMED in part; REVERSED and REMANDED in part.**