**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-35929 |
| Plaintiff-Appellee, | D.C. Nos. 2:20-cv-00484-JLR<br>2:16-cr-00113-JLR-1 |
| v. | |
| SANTOS PETER MURILLO, AKA Peter Santos Murillo, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Santos Peter Murrillo appeals pro se from the district court's judgment

denying his motion for a new trial under Federal Rule of Criminal Procedure 33,

based on newly discovered evidence. We have jurisdiction under 28 U.S.C. § 1291.

We review for abuse of discretion, *United States v. Hinkson*, 585 F.3d 1247, 1259

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2009), and we affirm.

After Murillo's conviction, he moved for a new trial based on newly discovered evidence regarding disciplinary actions and criminal charges against a testifying officer involving the use of force. The district court did not abuse its discretion in concluding that this evidence was not material to the issues raised at trial, would have been merely impeaching, and would not have resulted in an acquittal. *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (setting forth five-part test that defendant must satisfy to prevail on a Rule 33 motion).

We do not address Murillo's contentions that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), or that the weapon found in his car was not "in plain view," because they are beyond the scope of this appeal.

**AFFIRMED.**