NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

LARRY ANTHONY MCDANIEL;
SYLVIANE DELLA WHITMORE, AKA
Sylviane Cordova,

        Defendants - Appellants.

Nos. 24-1824; 24-2299

D.C. Nos.
2:17-cr-00110-APG-DJA-2
2:17-cr-00110-APG-DJA-3

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted December 1, 2025
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ZIPPS, Chief District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer G. Zipps, United States Chief District Judge
for the District of Arizona, sitting by designation.

Appellants Sylviane Whitmore and Larry McDaniel and non-appellant Phillip Hurbace were tried together as codefendants and convicted of offenses related to two thefts of private safe company, 24/7 Private Vaults (hereinafter "24/7"), where they were employed. Subsequent to their convictions, the district court received an anonymous letter containing a purported deathbed confession from 24/7's owner Elliot Shaikin, which asserted that Shaikin and Hurbace were solely responsible for the thefts. Whitmore and McDaniel now appeal the district court's denial of their motion for a new trial based on newly discovered evidence. Whitmore also raises several other challenges to her conviction and restitution order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in denying Whitmore's and McDaniel's joint motion for a new trial.[1] "To prevail on a Rule 33 motion for a new trial based on newly discovered evidence, a defendant must satisfy a five-part test: '(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new

---

[1] The parties dispute whether the district court's order should be reviewed for an abuse of discretion or de novo. We need not resolve their disagreement because, under either standard of review, the district court did not err in denying Appellants' motion for a new trial.

trial would probably result in acquittal.'" *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (internal citation omitted).

The district court did not err in concluding that Shaikin's note was inadmissible hearsay. The court correctly concluded that Shaikin's handwritten note did not satisfy the hearsay exception for statements against interest, Fed. R. Evid. 804(b)(3), because the note purported to be a deathbed confession and expressed that Shaikin feared no consequences by writing it. *See United States v. Fowlie*, 24 F.3d 1059, 1068 (9th Cir. 1994). Second, the district court properly determined that the note did not bear sufficient guarantees of trustworthiness to be admissible under the residual hearsay exception, Fed. R. Evid. 807. Appellants present almost no evidence concerning the anonymous mailing, the circumstances under which the confession was made, or any witness to corroborate the veracity of the note or its contents.

Other new evidence presented by Appellants in support of their new trial motion is similarly unreliable. McDaniel points to an alleged audio-taped recording of a phone call between Shaikin and McDaniel which he purportedly discovered in his garage after his trial. But McDaniel offered no expert evidence authenticating Shaikin's voice on the recording or that it is an original recording. Under these circumstances, this is not a case where the district court "applied [the rules of evidence] mechanistically to defeat the ends of justice." *Chia v. Cambra*,

3                                                    24-2299

360 F.3d 997, 1007 (9th Cir. 2004) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)). Rather, the district court properly determined that the newly discovered evidence was inadmissible, lacked sufficient guarantees of trustworthiness, and was unlikely to result in Appellants' probable acquittal.

2. Whitmore waived her challenge to the district court's denial of her motion to sever her trial from codefendant Hurbace when she did not renew the motion at the end of trial nor join Hurbace's renewed motion. *See United States v. Kaplan*, 554 F.2d 958, 965–66 (9th Cir. 1977).

3. Whitmore's Sixth Amendment right to present a complete defense was not violated when she was prevented from calling a mitigating witness to impeach Hurbace's witness. The district court did not abuse its discretion by excluding Whitmore's witness because the testimony was not directly impeaching and the mitigating witness's testimony was peripheral to Whitmore's case. Indeed, Whitmore's counsel chose not to cross-examine Hurbace's witness. Finally, Whitmore was able to present her defense—that she had no involvement in the charged offenses—throughout the trial.

4. The district court did not abuse its discretion in admitting evidence of Whitmore's participation in prior thefts at 24/7 pursuant to Federal Rule of Evidence 404(b). *See United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). At trial, Whitmore asserted that the evidence should not be admitted

because the prior thefts were dissimilar to the charged offenses, a contention she renews on appeal. After trial, Whitmore pursued a new theory—that an officer fabricated her *Mirandized* statements about the prior thefts. To the extent she relies on this unpreserved challenge to the evidence, we review it for plain error. *See United States v. Khan*, 993 F.2d 1368, 1376 (9th Cir. 1993).

Evidence may be admitted under Rule 404(b) if "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quotation omitted). The district court did not abuse its discretion in admitting evidence of Whitmore's prior thefts. As the district court found, the evidence was offered to prove Whitmore's knowledge and intent to commit the charged offenses. The prior thefts were committed only two to three years before the 2012 theft. Whitmore's own statements to the officer admitting to the thefts were sufficient to support the finding that she committed the acts. *See United States v. Dhingra*, 371 F.3d 557, 566 (9th Cir. 2004). And the thefts were sufficiently similar to the 2012 charged offense, as each of the thefts occurred at 24/7 while Whitmore was employed there and they were committed using inside knowledge of the business.

24-2299

5. The district court did not err in finding that sufficient evidence supports the interstate commerce element of Whitmore's two Hobbs Act convictions. Because Whitmore did not raise this argument before the district court, we review her claim for plain error. *See United States v. Morgan*, 238 F.3d 1180, 1186 (9th Cir. 2001). To establish the jurisdictional element, the government relied on evidence that a watch stolen from 24/7 during the 2012 theft in Nevada was subsequently brought by Hurbace to California and then mailed to Georgia to be sold. Under plain error review, this evidence is sufficient to establish that Whitmore's acts "had a *de minimis* effect on interstate commerce." *United States v. Lynch*, 437 F.3d 902, 908 (9th Cir. 2006), *overruled in part on other grounds by, United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024).

6. We affirm the district court's restitution order. We review de novo the legality of a restitution order, and for an abuse of discretion when within the bounds of the statutory framework. *United States v. Grice*, 319 F.3d 1174, 1176 (9th Cir. 2003). Contrary to Whitmore's argument, this Court has established that there is no jury right for restitution determinations. *See United States v. George*, 949 F.3d 1181, 1188 (9th Cir. 2020). And the district court properly parsed and denied restitution for truly illegal proceeds, while awarding restitution to victims that had legitimate losses.

**AFFIRMED.**

24-2299