**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 23-595 |
| | 25-2247 |
| Plaintiff - Appellee, | |
| | D.C. No. |
| v. | 3:18-cr-03072-TWR-1 |
| ANDREW HACKETT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted April 22, 2026
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and SCARSI, District
Judge.[**]

A federal jury convicted Defendant Andrew Hackett of conspiracy to

commit securities fraud and securities fraud, and this court upheld his convictions

on appeal. *United States v. Hackett*, 123 F.4th 1005, 1006 (9th Cir. 2024).

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Mark C. Scarsi, United States District Judge for the
Central District of California, sitting by designation.

Defendant now appeals the district court's order of restitution and order denying his pro se motions for appointment of counsel and for a new trial. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.     Defendant argues that the district court erred by ordering restitution more than 90 days after sentencing, by including victims' losses outside the time frame alleged in the indictment, and by failing to make explicit findings addressing his disputes over the restitution calculation. "[W]e review de novo a restitution order and the district court's valuation methodology." *United States v. Solakyan*, 119 F.4th 575, 594 (9th Cir. 2024), *cert. denied*, 146 S. Ct. 91 (2025). "[T]he restitution calculation is reviewed for abuse of discretion, with any underlying factual findings reviewed for clear error." *Id.* (quoting *United States v. Gagarin*, 950 F.3d 596, 607 (9th Cir. 2020)).

The district court entered its order of restitution more than five months after sentencing, beyond the 90 days prescribed by the Mandatory Victims Restitution Act. *See* 18 U.S.C. § 3664(d)(5). Although Defendant argues he lacked notice of the court's intent to order restitution, he "does not claim that any documents or witnesses had become unavailable after the 90-day period elapsed," "that his financial status changed," or that "the delay caused any prejudice to his defense whatsoever." *United States v. Moreland*, 622 F.3d 1147, 1173 (9th Cir. 2010). Thus, even if the district court erred in ordering restitution after the 90-day period

elapsed, Defendant's challenge fails because he fails to demonstrate how any delay prejudiced him. *See id.* (affirming restitution order entered over 90 days after sentencing where "the district court's error in failing to comply with the 90-day time limit was harmless"); *United States v. Cienfuegos*, 462 F.3d 1160, 1163 (9th Cir. 2006) ("[B]ecause the procedural requirements of section 3664 were designed to protect victims, not defendants, the failure to comply with them is harmless error absent actual prejudice to the defendant.").

Next, Defendant challenges the inclusion of victims' losses through April 2018 in the restitution order on the ground that the indictment referred to a conspiracy that continued "until on or about January 2018." We reject that argument. The district court appropriately ordered restitution for losses to victims harmed in the course of the conspiracy to commit securities fraud, even if the losses were realized outside the time scope of the charged conduct. 18 U.S.C. § 3663A(a)(2); *see United States v. Anieze-Smith*, 923 F.3d 565, 573 (9th Cir. 2019) (recognizing § 3663A(a)(2) "permits restitution for acts outside the reach of the indictment," including conduct beyond its time scope and "outside the statute of limitations").

Finally, Defendant's third challenge concerns the district court's failure to make explicit factual findings on several issues. Even if the district court should have made factual findings to address Defendant's disputes over the calculation,

we may affirm the restitution order because "the basis of the district court's calculation"—that is, the Government's restitution briefing—"is clear," and Defendant fails to show that the factual underpinnings of the calculation are clearly erroneous. *United States v. Yeung*, 672 F.3d 594, 604 (9th Cir. 2012) (citing *United States v. Peterson*, 538 F.3d 1064, 1077–78 (9th Cir. 2008)), *abrogated on other grounds by Robers v. United States*, 572 U.S. 639 (2014).

2.      Defendant contends that he was entitled to appointment of counsel to prosecute a new trial motion in the district court while his direct appeal was pending. "Whether a defendant was denied his Sixth Amendment right to counsel during a proceeding is a question of law to be reviewed de novo." *United States v. Hantzis*, 625 F.3d 575, 582 (9th Cir. 2010).

For purposes of this disposition, we assume that counsel did not represent Defendant in the district court when Defendant submitted his pro se motions for appointment of counsel and for a new trial. We also assume, as Defendant's counsel conceded at oral argument, that if a defendant has a Sixth Amendment right to counsel to develop a new trial motion while the direct appeal is pending, the right does not extend to every new trial motion the defendant might want to pursue, such as those with no colorable basis in fact or law.

Here, Defendant's proposed new trial motion lacked a colorable basis. Defendant initially moved for appointment of counsel to file a new trial motion

based on the discovery of unidentified "[n]ew evidence that was not turned over . . . by the Government." In the motion for a new trial he ultimately filed, Defendant asserted that the Government wrongfully withheld the information that a person named Alexander Smirnov was an FBI informant who had been indicted for providing false information to the FBI. Smirnov and Hackett were allegedly involved in a different securities-fraud scheme; evidence related to that scheme was produced in discovery but not admitted at trial. Defendant's arguments are meritless because Smirnov and his interactions with Defendant played no role in either party's trial presentation and had little if any relation to the charged conduct. Evidence tending to show Smirnov was an unreliable informant does not "undermine confidence in the outcome" of the trial, *Strickland v. Washington*, 466 U.S. 668, 694 (1984), nor could it "in any reasonable likelihood have affected the judgment of the jury," *Napue v. Illinois*, 360 U.S. 264, 271 (1959).

Accordingly, even accepting Defendant's contention that there is a right to counsel when there is a colorable basis for a motion for a new trial while a direct appeal is pending, Defendant was not entitled to counsel. Similarly, the district court did not abuse its discretion in denying the motion for appointment of counsel. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). Whether its order is subject to review de novo, *United States v. Price*, 566 F.3d 900, 907 (9th Cir.

2009), or for abuse of discretion, *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir. 1992), the district court also did not err in denying a new trial.

All pending motions are denied as moot.

**AFFIRMED.**

23-595; 25-2247