**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BO LANE,

Defendant - Appellant.

No. 23-1919

D.C. No.
3:18-cr-08295-GMS-1

MEMORANDUM[*]

Appeal from the United States District Court for the
District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted October 22, 2024[**]
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

Bo Lane appeals the district court's order denying his motion for a new trial.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lane was convicted of seven counts of aggravated sexual abuse of a child in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 2241(c). A few weeks before trial, the government disclosed evidence of two hairs found on the genital area of one of the victims (E.B.) during a forensic examination. Lane did not seek a continuance based on the disclosure. After the jury found Lane guilty of all charges, his counsel asked the government to analyze the hairs. A microscopic examination revealed that one was a pubic hair belonging to an adult who is not Lane and the other was an animal hair. Lane moved for a new trial based on these results, arguing the government violated its *Brady* obligation[1] by failing to timely disclose the hairs and that he was entitled to a new trial based on newly discovered evidence. *See* Fed. R. Crim. P. 33. The district court denied Lane's motion on both grounds and rejected his argument that the government had an independent duty to test the hairs.

1.    We review the denial of a motion for a new trial based on an alleged *Brady* violation de novo. *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009). To establish a *Brady* violation, "a defendant must show that: (1) the evidence at issue would have been favorable to the accused, either because it was exculpatory or impeaching; (2) it was suppressed by the prosecution, either willfully or inadvertently; and (3) it was material." *United States v.*

---

[1] In *Brady v. Maryland*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963); *see also Giglio v. United States*, 405 U.S. 150, 154–55 (1972).

*Alahmedalabdaloklah*, 94 F.4th 782, 827 (9th Cir. 2024).[2]  If, as here, the evidence is disclosed before trial, materiality is determined by whether the lateness of the disclosure "so prejudiced [the defendant's] preparation or presentation of his defense that he was prevented from receiving his constitutionally guaranteed fair trial."  *Id.* at 828 (citation omitted); *see also United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) (internal quotation marks and citation omitted) ("To escape the *Brady* sanction, disclosure must be made at a time when disclosure would be of value to the accused.").  "If the defendant is presented with a *substantial opportunity* to use the belatedly disclosed evidence, there is no prejudice."  <u>*Alahmedalabdaloklah*</u>, 94 F.4th at 828 (emphasis added).

Lane was not prejudiced by the belated disclosure of the untested hairs because he had a substantial opportunity to use them.  After the government disclosed the hairs, Lane did not request a continuance or otherwise seek testing of the hairs; instead, he used the untested hairs to challenge the adequacy of the government's investigation (while avoiding the risk of inculpatory test results).  Therefore, Lane is not entitled to a new trial.  *See, e.g.*, *Reiger v. Christensen*, 789

---

[2] To the extent that Lane argues that the district court failed to apply this three-part test, we are unpersuaded.  But even if that were true, on de novo review we can affirm on any basis presented in the record.  *Paradis v. Arave*, 240 F.3d 1169, 1175–76 (9th Cir. 2001).  And for the reasons explained, we conclude that the district court did not err in denying a new trial based on the claimed *Brady* violation.

F.2d 1425, 1432–33 (9th Cir. 1986) (holding that the delayed disclosure of fingerprint tests did not require a *Brady* sanction because defense counsel "could have asked the trial court for a continuance for the purpose of obtaining and analyzing the test results" but instead made no "effort to pursue the test further"). The district court did not err by denying Lane's motion for a new trial on this basis.

2.      Lane also argues the district court erred by finding that the government did not have an obligation to test the hairs. The government's failure to collect, preserve, or test evidence violates due process only if the defendant demonstrates that the government acted in bad faith. *See Villafuerte v. Stewart*, 111 F.3d 616, 625 (9th Cir. 1997); *see also Arizona v. Youngblood*, 488 U.S. 1, 57–58 (1988). Here, the government represented that it did not test the hairs for identification purposes before trial because E.B.'s medical examination occurred weeks after the last instance of alleged sexual abuse and years after the last instance of alleged abuse involving contact with E.B.'s genital area. Lane has not presented any evidence that the government acted in bad faith by failing to test the hairs. Thus, the lack of testing did not violate his due process rights.

3.      We review the district court's denial of a motion for a new trial based on newly discovered evidence for abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009). To prevail on a motion for a new trial based on newly discovered evidence, the defendant must show, among other things, that

4

the failure to discover the evidence sooner is not the result of a lack of diligence on the defendant's part. *United States v. Harrington,* 410 F.3d 598, 601 (9th Cir. 2005). Here, Lane knew about the hairs before trial and chose to use the untested hairs to challenge the thoroughness of the government's investigation. Thus, the district court did not abuse its discretion by finding that the unavailability of the microscopic examination results at trial was due to Lane's lack of diligence.[3] *See United States v. Velte*, 331 F.3d 673, 676, 680 (9th Cir. 2003) (holding that the defendant could not seek a new trial based on newly acquired test results because the delay in testing until after trial was a strategic decision by the defendant); *see also United States v. Sitton*, 968 F.2d 947, 960 (9th Cir. 1992), *abrogated on other grounds by Koon v. United States*, 518 U.S. 81 (1996).

**AFFIRMED.**

---

[3] In a footnote in his reply brief, Lane asks the court to strike a portion of the government's excerpts of record. A footnote in a reply brief is not the proper vehicle for such a request. But in any event, because we do not rely on the excerpts to which Lane objects, we deny his request as moot.